IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,734-02






EX PARTE NATHANIEL LEWIS HUBERT, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. W86-97846-I-B 

IN THE CRIMINAL DISTRICT COURT NO. 2 

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful delivery
of less than 28 grams of cocaine and was placed on deferred adjudication community supervision
for five years. On July 7, 1988, the trial court adjudicated him guilty and sentenced him to ninety-nine years' imprisonment. 

 This Court received the original 11.07 application on July 7, 1994 and denied relief without
a written order on August 17, 1994. We now withdraw that decision, reconsider the case on our own
motion, and remand it to the trial court for findings of fact and conclusions of law consistent with
this order. Tex. R. App. P. 79.2(d). 

 Applicant contends that Judge Larry Baraka prejudged his punishment, which violated due
process. He alleges that at the time he was placed on deferred adjudication, the judge promised him
that he would "get 99 years" in the penitentiary if he had to return to court for adjudication. He
alleges that when he returned to court to face a motion to adjudicate, the judge said, "Do you
remember what I told you Nathaniel? That if you come before me for any reason, I would give you
99 years in the penitentiary. I promised you and I am a man of my word." 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Brown, 158
S.W.3d 449, 453-54 (Tex. Crim. App. 2005). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law addressing Applicant's
claim that his due process rights were violated. The trial court shall make specific findings as to
whether Judge Baraka threatened Applicant with the maximum sentence at the time he was placed
on deferred adjudication, and, if so, whether Applicant's sentence upon adjudication was
predetermined. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 11, 2013

Do not publish